IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO ) <br> REGIONAL COUNCIL OF ) <br> CARPENTERS PENSION FUND, ) <br> CHICAGO REGIONAL COUNCIL OF ) <br> CARPENTERS WELFARE FUND, and ) <br> CHICAGO REGIONAL COUNCIL OF ) <br> CARPENTERS APPRENTICE & ) <br> TRAINEE PROGRAM FUND, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> VAN DER LAAN BROS CONCRETE ) <br> CONTRACTORS, INC., ) <br> ) <br> Defendant. ) | No. 12 C 7785 <br><br> Hon. Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

This action is brought by the Trustees of the Chicago Regional Council of Carpenters Pension Fund ("Trustees"), the Chicago Regional Council of Carpenters Welfare Fund, and the Chicago Regional Council of Carpenters Apprentice & Trainee Program Fund. The Trustees filed suit against Defendant Van Der Laan Bros Concrete, Inc. ("Van Der Laan") for alleged breach of contract under § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, § 301 of the Labor–Management Relations Act of 1947 ("LMRA"), and 29 U.S.C. § 185. The Trustees moved for summary judgment pursuant to Fed. R. Civ. P. 56(b). For the reasons stated herein, Plaintiffs' Motion is granted.

# **STATEMENT OF UNDISPUTED FACTS**[1]

Van Der Laan did not reply to Trustees' motion for summary judgment under Fed. R. Civ. P. 56(c) and did not reply to Trustees' statement of material facts pursuant to Local Rule 56.1. The Court therefore deems admitted the facts contained in Trustees' Local Rule 56.1 statement. *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) ("[T]he only effect of a non-movant's failure to respond to a motion for summary judgment is that it constitutes an admission by the non-movant that there are no disputed issues of genuine fact warranting a trial; it does not constitute a waiver by the non-moving party of all legal arguments based upon those undisputed facts." (citing *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994); *Glass v. Dachel*, 2 F.3d 733, 739 (7th Cir. 1993)).

Van Der Laan, an employer of carpenters, has been a signatory to a collective bargain agreement ("CBA") with the Chicago Regional Council of Carpenters ("Union") since 1971 and extending through the present. (Pl. 56.1 ¶ 5.) As such, it is party to the current CBA that covers June 2010 through May 2014, as well as the Welfare Trust Agreement, the Pension Trust Agreement, the Supplemental Retirement Trust Agreement, and the Apprentice and Trainee Trust Fund Agreement ("Trust Agreements" or "Trust Funds"). (*Id.* at ¶ 6.) The CBA requires participating employers to make contributions to the Trust Funds, which are managed by the Trustees. (*Id.*) The amount each employer is required to contribute is based on participating employers self-reporting the employees for whom contributions and dues are owed, as well as the hours worked by and wages paid to each employee. (*Id.*) This information is reported monthly using the "monthly reporting form." (*Id.*) The monthly reporting form requires a signature attesting that:

---

[1] Throughout this Opinion, citations to Plaintiff's Local Rule 56 .1 Statement of Material Facts have been abbreviated to "Pl. 56.1 ¶ __."

> We certify the above is a true and complete report of actual hours worked by foreman, journeyman, and apprentice carpenters, and does NOT include hours worked by any self-employed persons, partners or proprietors of the firm. We hereby agree to be bound by and ratify, confirm and adopt all of the provisions of the Area Collective Bargaining Agreement and the Agreements and Declarations of Trust under which the Chicago Regional Council of Carpenters Fringe Benefit Funds are maintained. We agree to keep and maintain contemporaneous time records reporting the hours reported herein.

(*Id.* at ¶¶ 6, 8.)

Van Der Laan's monthly reports from November 2012 through February 2013 show that it owes $65,253.37 in fringe benefits. (*Id.* at ¶ 7.) Because Van Der Laan did not pay this in a timely manner, interest is owed on the delinquency at a rate determined under ERISA, which totals $205.85 for the months of November 2012 and February 2013. (*Id.* at ¶ 11.) It must also pay liquidated damages, which is 1.5% compounded monthly. (*Id.* at ¶ 9.) Van Der Laan failed to make its payments for thirteen months, from February 2012 through February 2013, and therefore owes $13,631.33. (*Id.* at 10.) Therefore, Van Der Laan owes $79,090.55. (*Id.* at ¶ 13.) The CBA and Trust Agreements also require Van Der Laan to pay attorneys fees, audit fees, and the costs incurred in the collection of delinquent contributions from non-complying employers. (*Id.* at ¶ 12.)

## **DISCUSSION**

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is warranted where no rational trier of fact could find for the non-moving party. *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406 (7th Cir. 2009). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw

3

all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statements." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted by the opposing party, the Court will accept that statement as true for the purposes of summary judgment. And adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter [;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Trustees argue Van Der Laan breached its agreement under the CBA and Trust Agreements and is therefore required to pay its unpaid principal contributions, liquidated damages, interest, and reasonable attorney's fees and costs incurred enforcing Van Der Laan's obligations. Van Der Laan does not present any contrary evidence or arguments. Under ERISA, "Every employer who is obligated to make contributions to a multiemployer plan under the terms . . . of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of . . . such agreement." 29 U.S.C. § 1145. A "multiemployer plan" is one a plan "(i) to which more than one employer is

4

required to contribute, (ii) which is maintained pursuant to one or more collective bargaining agreements between one or more employee organizations and more than one employer, and (iii) which satisfies such other requirements as the Secretary may prescribe by regulation." 29 U.S.C. § 1002. The court in *Laborers' Pension Fund v. J & S Const. Sewer & Water, Inc.*, 2012 WL 3264902, at *3 (N.D. Ill. Aug. 9, 2012) faced a similar situation. There, a laborers' union fund sued an employer and party to its multiemployer CBA and trust agreements for failure to comply with its contribution requirements. *Id.* at *1. The defendants could not controvert any of the relevant facts put forth in plaintiffs' Local Rule 56.1 statement of material facts, which the court therefore deemed admitted. *Id.* at *2. And because the defendant produced no evidence that disputed the enforceability of the agreements in question, the court entered a judgment of liability against it. *Id.* at *3. Here, the undisputed facts put forth by the Trustees show that Van Der Laan was a party to the CBA and Trust Agreements and failed to make contributions as required therein. The Court therefore finds Van Der Laan liable for its unpaid plan contributions.

When a court finds in favor of a plan under 29 U.S.C. § 1145, it "shall award the plan":

(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to the greater of–
   (i) interest on the unpaid contributions, or
   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Mid Cent. Operating Eng'rs Health & Welfare Fund v. Kelley & May Dirtworks, Inc.*, 2013 WL 3964777, at *1–2 (C.D. Ill. July 31, 2013). Because the

additional relief the Trustees seek is expressly granted by statute, the Court awards them interest on the unpaid contributions, liquidated damages, and reasonable attorney's fees and costs. The Court grants Trustees thirty days to file a petition for attorney's fees and costs.

## **CONCLUSION**

For the reasons set forth above, the Court grants the Trustees' motion for summary judgment.

								_____
								Virginia M. Kendall
								United States District Court Judge
								Northern District of Illinois

Date: November 7, 2013